ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| **EL PUEBLO DE PUERTO RICO**<br><br>Recurrido<br><br>v.<br><br>**LUIS LÓPEZ SANTIAGO**<br><br>Peticionario | KLCE202500392 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **Aibonito**<br><br>Criminal Núm.:<br>**B SC2024G0148**<br><br>Sobre:<br>Art. 406SC Tentativa y Conspiración |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 17 de junio de 2025.

Comparece ante nos Luis López Santiago (López Santiago o parte peticionaria) mediante la presente petición de *Certiorari* y nos solicita que se revoque la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Aibonito, el 12 de marzo de 2025. En la aludida *Resolución*, el foro primario declaró No Ha Lugar la reconsideración presentada por López Santiago.

Por los fundamentos que expondremos a continuación, denegamos expedir el recurso.

### I

Los hechos que dan génesis a este recurso comienzan el 29 de octubre de 2024 con el acuerdo del Ministerio Público y la defensa sobre la alegación de culpabilidad de López Santiago en la vista de la lectura de acusación.[1] En la aludida vista, López Santiago se declaró culpable de infringir el delito de Tentativa y Conspiración

---

[1] Véase, *Minuta* de la vista de 29 de octubre de 2024, transcrita el 2 de noviembre de 2024.

plasmado en el Artículo 406 de la *Ley de Sustancias Controladas de Puerto Rico*, Ley Núm. 4 de 23 de junio de 1971, 24 LPRA sec.2406, en el que se recomendó una pena de diez años concurrentes entre sí en probatoria regular. Del mismo modo se declaró culpable del delito contenido en el Artículo 404 de la *Ley de Sustancias Controladas de Puerto Rico, supra* en la sec. 2404, en el que se recomendó una pena de dos años concurrentes con los anteriores en probatoria regular.  Finalmente, se señaló una vista para el 7 de enero de 2025 para dictar sentencia.

Así las cosas, el 7 de enero de 2025 se celebró la vista para dictar sentencia.[2] En la referida vista, la defensa informó al tribunal que López Santiago se encontraba hospitalizado, por lo cual solicitó otro señalamiento para una fecha posterior. Por tal razón, el Tribunal señaló una vista para el 6 de febrero de 2025 para realizar el acto de dictar sentencia.

El 6 de febrero de 2025, se celebró una vista para dictar sentencia.[3] En la aludida vista, la defensa informó al Tribunal que no estaba preparado para el acto de dictar sentencia, pues había un acuerdo con el Ministerio Público y estaba en espera de recibir el informe pre-sentencia. **El foro primario le aclaró a la defensa que el informe pre-sentencia de López Santiago había sido visto por éste en la vista del 7 de enero de 2025.** La defensa expresó que López Santiago estaba en búsqueda de una vivienda viable, pues del informe pre-sentencia surgía que el acusado no contaba con un plan de salida viable. Del mismo modo, solicitó que se realizara otro informe tomando en cuenta nuevos elementos, porque arguyó que López Santiago contaba con una nueva dirección de residencia que representaba un cambio significativo para el informe.

---

[2] Véase, *Minuta* de la vista celebrada el 7 de enero de 2025.
[3] Véase, *Minuta* de la vista celebrada el 6 de febrero de 2025, transcrita al día siguiente.

El foro de instancia declaró sin lugar la solicitud de la defensa y fundamentó su decisión en que en el informe pre-sentencia no sólo mencionaba que López Santiago no contaba con un hogar viable, sino que también establecía que el acusado había demostrado un patrón de conducta repetitiva en venta de drogas y que ese había sido su estilo de vida para sostenerse. Por tal razón, la defensa solicitó una vista para impugnar el informe pre-sentencia. Sobre esta solicitud, se transcribió lo siguiente:

> El tribunal hace constar que según la Regla 162.2 y 163.3 **el licenciado Rodríguez tenía diez días desde que tenía conocimiento del informe para hacer la vista de impugnación**. La vista pasada fue el **7 de enero de 2025 y hoy estamos a 6 de febrero de 2025, por lo que los diez días para hacer la impugnación del informe pasaron hace tiempo**.

A raíz de esto, la defensa solicitó la reconsideración a la decisión del Tribunal, fundamentándose en que no pudo cumplir con el término porque López Santiago se encontraba hospitalizado y la comunicación con este último fue nula. El Tribunal de Primera Instancia señaló vista de impugnación de informe para el 20 de febrero de 2025**, y le dio un término de diez días a la defensa para preparar la moción de impugnación del informe**.

El 18 de febrero de 2025, López Santiago depositó mediante correo su *Moción Impugnación de Informe Pre Sentencia*.[4] En el referido escrito, alegó que se presentó un informe pre-sentencia que no le era favorable. Por esta razón, deseaba impugnar los siguientes aspectos: las alegadas conductas impropias del acusado; la capacidad de este de conseguir empleo; la propensión de recaer en el manejo de sustancias controladas y su vivienda.

Así las cosas, el 20 de febrero de 2025 se celebró la vista de impugnación de informe y para dictar sentencia.[5] En tal vista el foro

---

[4] Véase, *Moción de Impugnación de Informe Pre Sentencia* en el expediente judicial.
[5] Véase, *Minuta* de la vista celebrada el 20 de febrero de 2025, transcrita el 25 de febrero de 2025.

de instancia dio por no radicada la moción de impugnación de informe de López Santiago, pues razonó que tal moción debía estar radicada el 18 de febrero de 2025. En especial, se transcribió la siguiente expresión del Tribunal:

> En cuanto, a la solicitud de reconsideración de la defensa, el tribunal hace constar que, **desde el 7 de enero ya tenía conocimiento del informe y la Regla dice que desde que el abogado tiene conocimiento del informe, tiene 10 días para radicar el informe de Impugnación. Que el 6 de febrero hizo la solicitud de darle una oportunidad para radicar el informe y desde ese día tenía 10 días para radicarlo, el cual vencía el 16 de febrero, pero como el lunes era feriado se rodó para el 18 de febrero de 2025 y ese día tenía que estar ponchado por el tribunal, por lo que da por no radicada la Moción de Impugnación y declara No Ha Lugar la reconsideración**.

La defensa expresó que desde el 6 de febrero hasta el 16 del mismo mes, estuvo realizando unas investigaciones para dar con una propiedad que fuese viable para la salida de López Santiago. Indicó, que no tenía conocimiento que el lunes 17 de febrero el correo estaba abierto, y fue por esta razón que presentó la moción el 18 de febrero pensando que estaría dentro del término establecido por ley.

El 7 de marzo de 2025, la defensa presentó una *Moción en Petición Urgente de Reconsideración,*[6] la cual fue declarada No Ha Lugar por el Tribunal de Primera Instancia el 12 de marzo de 2025.[7]

Inconforme, el 11 de abril de 2025 la parte peticionaria acudió ante esta curia y nos planteó la comisión del siguiente error:

> ERRÓ EL HONORABLE FORO DE INSTANCIA AL DECLARAR NO HA LUGAR LA MOCIÓN PARA VISTA PARA IMPUGNACIÓN DE INFORME PRE SENTENCIA QUE ESTABLECEN LAS REGLAS DE PROCEDIMIENTO CRIMINAL ESTO LUEGO DE QUE EL ACUSADO SOMETIERA MOCI[Ó]N MEDIANTE CORREO REGULAR DENTRO DEL T[É]RMINO DE CUMPLIMIENTO ESTRICTO DE 10 D[Í]AS Y EN ADICI[Ó]N SUSTENTARA EL POR QUE DE SU RADICACI[Ó]N MEDIANTE CORREO REGULAR EL [Ú]LTIMO D[Í]A, SEGÚN LO REQUIEREN LOS T[É]RMINOS DE CUMPLIENTO ESTRICTO.

---

[6] Véase, *Moción en Petición Urgente de Reconsideración* en el expediente judicial.
[7] Apéndice de recurso de *Certiorari*, pág. 1.

Por su lado, el 15 de mayo de 2025 la parte recurrida presentó su *Escrito en Cumplimiento de Orden.*

## II

### A

El auto de *certiorari* es aquel vehículo procesal extraordinario, de carácter discrecional, que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); Véase, además a *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). Para este recurso discrecional, existen unos parámetros que sirven de guía al momento de decidir si debemos expedir o denegar el auto. De esta forma, el asunto que se nos plantee en el recurso de *certiorari* debe tener cabida dentro de alguna de las materias reconocidas en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.

El término para presentar este recurso está regulado en la Regla 52.2 (b) de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2, que establece que:

> (b) Recurso de "certiorari". Los recursos de certiorari al Tribunal de Apelaciones para revisar las resoluciones finales en procedimientos de jurisdicción voluntaria o al Tribunal Supremo para revisar, discrecionalmente, las sentencias o resoluciones del Tribunal de Apelaciones en recursos de apelación o las sentencias o resoluciones finales en recursos de certiorari en procedimientos de jurisdicción voluntaria deberán ser presentados dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de copia de la notificación de la sentencia o resolución recurrida.
>
> Los recursos de certiorari al Tribunal de Apelaciones para revisar resoluciones u órdenes del Tribunal de Primera Instancia o al Tribunal Supremo para revisar las demás sentencias o resoluciones finales del Tribunal de Apelaciones en recursos discrecionales o para revisar cualquier resolución interlocutoria del Tribunal de Apelaciones deberán presentarse dentro del término de treinta (30) días contados desde la fecha de notificación de la resolución u orden recurrida. El término aquí dispuesto es de cumplimiento estricto, prorrogable sólo

cuando medien circunstancias especiales debidamente sustentadas en la solicitud de certiorari.

En aquellos casos que mediante recurso de certiorari se paralicen los procesos ante el Tribunal de Primera Instancia, el Tribunal de Apelaciones deberá resolver la controversia presentada ante sí dentro de los sesenta (60) días siguientes a que las partes concernidas se hayan expresado.

Una vez adecuadamente presentado un recurso de *certiorari,* el Tribunal de Apelaciones deberá ejercer su discreción y evaluar la petición tomando en consideración los criterios enumerados en la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. Deberá evaluar:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Aun así, cuando el Tribunal de Apelaciones determina, en su sana discreción, denegar la expedición de un recurso de *certiorari,* no tiene que fundamentar su determinación. *Íd.*, R. 52.1

**B**

En nuestro ordenamiento jurídico, la Regla 162.1 de Procedimiento Criminal, 34 LPRA Ap.II, R. 162.1, establece que el tribunal antes de emitir una sentencia, debe poseer un informe que contenga:

...antecedentes de familia e historial social de la persona convicta y del efecto económico, emocional y físico que ha causado en la víctima y su familia la comisión del delito, que le permita emitir una decisión racional de sentencia.

Véase además, *Pueblo v. Hernández Villanueva*, 179 DPR 872, 899 (2010).

Una vez recibido el informe pre-sentencia, la Regla 162.3 de Procedimiento Criminal, 34 LPRA Ap.II, R. 162.3, establece que el tribunal deberá notificarlo a las partes. Conforme a la Regla 162.3 de Procedimiento Criminal, *supra*, las partes, incluyendo al acusado, podrán objetar el informe pre-sentencia dentro del término de diez (10) días contados desde su notificación. La parte que pretenda objetar el informe especificará qué partes se pretenden controvertir mediante la presentación de prueba. *Íd.* Si estos informes fueren objetados, el tribunal celebrará una vista. *Íd.*

### III

Luego de evaluar los criterios de la Regla 40 de este Tribunal, *supra*, concluimos que no existe razón para ejercer nuestra discreción en el caso ante nuestra consideración. Por tal razón, denegamos expedir el auto.

### IV

Por las razones discutidas anteriormente, denegamos expedir el recurso.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones